Bowman and Others *v.* Hall and Others.

The statute of 1843, which permits the Court, where a bill is taken as confessed, to proceed to a decree at the same term, and that such decree shall be deemed absolute, &c., does not prescribe the manner of proceeding, and does not preclude the Court, in all cases, from requiring proof of the facts alleged in the bill before the rendition of a final decree for the complainants.

*Wednesday,*
*October 16.*

ERROR to the *Bartholomew* Circuit Court.

PERKINS, J.—This was a bill in chancery, filed in the *Bartholomew* Circuit Court, at the *September* term, 1846. *Bowman* and others were the complainants. The defendants were *William Hall*, and the unknown heirs of *Stephen Frank.* The object of the bill was to have a decree set aside on the ground of fraud. The bill makes a certain patent, a title bond, and a transcript of the suit in which said decree was rendered, exhibits. The fact principally relied on to show fraud in the decree is, that said *Hall*, who obtained the decree against the complainants as unknown heirs, well knew, when he instituted the suit against them, their names and places of residence.

There was annexed to the present bill an affidavit of one of the complainants, that the defendants were all non-residents, and that the heirs of said *Frank* were unknown to the complainants. Upon that affidavit an order for the publication of the pendency of the suit was made.

At the *April* term, 1847, publication of the pendency of the suit was proved, and the defendants, failing to appear, a decree, *pro confesso*, was taken against them. The transcript, after stating that decree, proceeds, substantially, as follows: and, on motion of the complainants, this cause is set down for hearing on the bill and exhibits aforesaid; and thereupon the Court decree that the bill be dismissed at the complainants' costs.

The complainants contend that they were entitled to a final decree without any proof; and whether they were or not is the only question in the case.

The statute of 1843, by which this case is governed,

says: "When the bill is taken as confessed, the Court may proceed to a decree at the same term; and such decree, when rendered, shall be deemed absolute," &c. R. S. p. 836.

<div style="float:right">May Term, 1850.

We think that the statute, by saying that the Court, after a decree *pro confesso*, may proceed to a decree, without prescribing the manner of proceeding, has not precluded the Court, in all cases, from requiring proof of the facts alleged in the bill before the rendition of a final decree for the complainant. The following is the *New York* statute on the subject: "If the defendant shall not appear, &c., the complainant's bill shall be taken as confessed; and the Court shall direct a reference to a master to take proof of the facts and circumstances stated in such bill." 2 R. S. *New York*, p. 186. We have no idea that, in such a case as that now before us, the legislature intended the complainant should have a final decree, without any proof, for whatever he might choose to claim in his bill. The defendants here are all non-residents, and some of them are unknown heirs. If the practice contended for by the complainants were established it would open the door to great frauds and injustice.

As this cause was before the Circuit Court for a final decree without proof, we think the suit was correctly dismissed. (1.)

*Per Curiam.*—The decree is affirmed.

*A. A. Hammond* and *J. H. Bradley*, for the plaintiffs.

